657 So.2d 474 (1995)
Cottrel WELLS, Plaintiff-Appellant,
v.
Lee A. HOUSTON, et al, Defendant-Appellee.
No. 95-202.
Court of Appeal of Louisiana, Third Circuit.
June 7, 1995.
*475 Jeffrey Howerton Thomas, Natchitoches, for Cottrell Wells.
David Patrick Keating, Opelousas, for Lee A. Houston, et al.
Before COOKS, SAUNDERS and DECUIR, JJ.
COOKS, Judge.
Plaintiff, Cottrel Wells, appeals a lower court decision denying his request for penalties and attorney fees for the alleged failure of the defendant, Safeway Insurance Co., to make an unconditional tender under the terms of Wells' uninsured motorist policy. Finding his single assignment of error meritorious, we reverse.

FACTS
This lawsuit arose out of a two car accident occurring on July 10, 1990. Cottrel Wells, plaintiff, was driving one vehicle. Ricky Williams was driving the other vehicle, which was owned by Lee Houston. The accident resulted when Williams backed the Houston vehicle out of a parking lot and hit Wells' vehicle. Wells filed a petition for damages on August 21, 1990. Named as defendants were Houston, Bonneville Insurance Company (the insurer of the Houston vehicle) and Williams. Bonneville denied coverage alleging Williams did not have permission to use the Houston vehicle at the time of the accident.
Wells filed a First Amending and Supplemental Petition on December 5, 1991, adding Safeway Insurance Company as a defendant. Safeway was Wells' uninsured/underinsured *476 motorist (UM) carrier. On September 28, 1992, Wells filed a Second Amending and Supplemental Petition adding the Louisiana Insurance Guaranty Association (LIGA) as a defendant because Bonneville was placed in receivership by the Louisiana Insurance Commissioner.
On February 7, 1994, Wells filed a Third Amending and Supplemental Petition asking for penalties and attorney fees for Safeway's arbitrary and capricious refusal to pay any amount under the UM coverage provisions of the policy it issued.
Following trial, the district court awarded damages to Wells but denied his claim for penalties and attorney fees. The trial court found the failure of Safeway "to make an unconditional tender within thirty days was a result of miscommunication between opposing counsel and not because Safeway's actions were arbitrary and capricious."

ANALYSIS
La.R.S. 22:658 provides for ten percent penalties and reasonable attorney fees when an insurer is arbitrary, capricious, or without probable cause in failing to make payment to an insured within thirty days after receipt of "satisfactory proofs of loss" from the insured. Wells also references La. R.S. 22:1220 which provides greater penalties and attorney fees when an insurer is arbitrary, capricious, or without probable cause in failing to make payment to an insured within sixty days after receiving "satisfactory proof of loss." He argues since Safeway's failure to pay exceeded the 60 day period, R.S. 22:1220 supersedes R.S. 22:658; and, accordingly, he is entitled to an award assessing the greater penalties plus attorney fees. We agree. R.S. 22:1220 provides for a penalty equalling two times the damages or $5,000, whichever is greater; rather, than the ten percent penalty provided for in R.S. 22:658.
A plaintiff seeking penalties and attorney fees under R.S. 22:658 or R.S. 22:1220 has the burden of proving first the insurer received "satisfactory proof of loss." In McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985), the Louisiana Supreme Court defined the term "satisfactory proof of loss" in connection with a claim for penalties under R.S. 22:658:
A "satisfactory proof of loss" within the meaning of La.R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured's claim. Hart v. Allstate Ins. Co., supra [437 So.2d 823 (La.1983)]. To establish a "satisfactory proof of loss" of an uninsured/underinsured motorist's claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. Hart v. Allstate Ins. Co., supra.
The record convinces us Safeway was clearly put on notice that the Houston vehicle was uninsured. By amendment on December 5, 1991, Safeway was added as a party defendant. On January 21, 1992, it was provided copies of the court minutes reflecting that Ricky Williams pled guilty to unauthorized use of Houston's vehicle. Safeway also received a copy of Lee Houston's deposition testimony denying he gave Williams approval to use his vehicle. Furthermore, Safeway acquired knowledge that Bonneville Insurance Company was placed in receivership when it was served with a copy of Wells' Second Amending and Supplemental Petition filed September 28, 1992. These facts and procedural developments were sufficient to place Safeway on notice that the Houston vehicle was uninsured.
Even if Bonneville Insurance Company's answer denying primary coverage and Houston's deposition testimony were insufficient to apprise Safeway that Williams was uninsured, when it received notice that Bonneville was placed in receivership any doubt as to its UM liability was resolved. Nevertheless, Safeway argues good faith reliance on uncertainty in the law and jurisprudence excuses its failure to pay.
La.R.S. 22:1386 was amended in 1990 and 1992, and provides in pertinent part:
A. Any person having a claim against an insurer under any provision in an insurance *477 policy, other than a policy of an insolvent insurer which is also a covered claim shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorists liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant.
Safeway argues it cannot be arbitrary or capricious in not following La.R.S. 22:1386 when serious issues existed concerning its constitutionality. We disagree. The retroactive effect of this provision prompted several insurance carriers to contest vigorously its constitutionality. The Louisiana Supreme Court in Segura v. Frank, 93-1271 (La. 1/14/94) 630 So.2d 714, cert. denied, ___ U.S. ___, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), held the United States' and this state's constitutions did not bar the retroactive application of the amendment. Despite this ruling from our State's highest court, rendered on January 14, 1994, Safeway did not tender payment unconditionally. Still defending its continued inaction, Safeway insists its failure to pay even after the Segura decision was justified and excusable because Writs of Certiorari were filed by the defendants in Segura with the United States Supreme Court. An insurer cannot ignore a final ruling of the Louisiana Supreme Court anticipating acceptance of writs by the United States Supreme Court and eventual reversal. The insurance company does so at its own risk. Safeway gambled and lost. Safeway may be required to pay the wager the law imposes as a penalty for its bet.
It is undisputed Wells was not at fault in causing the accident; and Safeway did not allege as a defense any comparative fault by Wells contributed to the accident. Moreover, Safeway received information sufficient to apprise it that Wells sustained damages. Medical bills and records were provided to it. Safeway admits on April 30, 1992 it offered $2,500 to Wells as a full and complete settlement.
Inability to determine the exact damages suffered by a plaintiff does not give the insurer the right to delay payment for an indeterminate amount of time. McDill sets out the obligations of the insurer when it is difficult to determine the exact amount of damages due:
If the first three elements of the Hart test are satisfied and the insured has made a showing that the insurer will be liable for some general damages, the insurer must tender the reasonable amount which is due. The amount would be unconditionally tendered to the plaintiff not in settlement of the case, but to show their good faith in the matter and to comply with the duties imposed upon them under the contract of insurance with the insured. The amount that is due would be a figure over which reasonable minds could not differ.
Safeway clearly knew "some damages" were recoverable by Wells pursuant to the uninsured motorist coverage provision of the policy it issued; and it was obligated legally to tender unconditionally a "reasonable amount" due for the covered claims asserted by Wells.
When Wells filed his Third Amending and Supplemental Petition claiming Safeway was arbitrary and capricious in failing to pay any amount under the UM provisions of the policy after the Louisiana Supreme Court's decision in Segura, Safeway did not respond by tendering unconditionally a reasonable amount to satisfy its potential liability. Instead, it waited five more months before making the unconditional tender required by clear law and jurisprudential pronouncements.
Whether a refusal to pay a claim is arbitrary, capricious or without probable cause depends on the facts known to the insurer at the May 11, 1995 time of the refusal to pay the claim. Because this is primarily a factual issue, the trial court's findings shall not be disturbed on appeal absent manifest error. Caraway v. Royale Airlines, Inc., 579 So.2d 424 (La.1991); Haynes v. Shumake, 582 So.2d 959 (La.App. 2 Cir.1991). The trial judge's ruling hinged on a factual finding that "miscommunication between opposing counsel" excused Safeway's *478 refusal to pay any amount. The record reflects Safeway offered $2,500 by letter dated April 30, 1992 to Wells.
The apparent "miscommunication" Safeway relies on to excuse it from not making an unconditional tender until days before the trial is that Wells never rejected in writing or orally the conditional $2,500 settlement offer extended by Safeway on April 30, 1992. The offer was conditioned on a full and final settlement and complete release of Wells' claim against Safeway. A valid tender requires that it is made unconditionally. McDill, supra, FN 5. Any action or inaction by Wells in failing to voice orally or in writing rejection of Safeway's conditional offer is without legal consequence. Safeway's "offer" did not constitute an unconditional tender. Existing law and jurisprudence places the onus on Safeway to make a "good faith" tender with "no strings attached." Safeway's failure to do so factually compels a finding that it was arbitrary and capricious. The trial judge's ruling to the contrary resulted in legal error.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed. Plaintiff-appellant, Cottrel Wells is awarded $5,000 in penalties and attorney fees in the amount of $7,500 in accordance with La.R.S. 22:1220. All costs of this appeal are assessed to defendant-appellee, Safeway.
REVERSED AND RENDERED.