732 So.2d 727 (1999)
Charlie McCLENDON, et al., PlaintiffsAppellants,
v.
ECONOMY FIRE & CASUALTY INSURANCE COMPANY, DefendantAppellee.
No. 98-1537.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1999.
*728 George Arthur Flournoy, Alexandria, for Charlie McClendon et al.
Ronald E. Corkern, Jr., Natchitoches, for Economy Fire & Casualty Insurance Company.
BEFORE: THIBODEAUX, PETERS, and PICKETT, Judges.
THIBODEAUX, Judge.
Charlie McClendon, Mar-sha McClendon, Willie Harris, and Eric Hayes brought suit against Economy Fire & Casualty Insurance Company (hereinafter "Economy"), the underinsured carrier of the named insured, to recover damages for personal injuries sustained in an automobile accident and seeking an award of penalties pursuant to La.R.S. 22:1220 and 22:658. The plaintiffs appeal the trial court's refusal to assess penalties against Economy. Because Economy submitted an unconditional tender of underinsured benefits to the plaintiffs within thirty days of its receipt of satisfactory proof under La.R.S. 22:658(A)(1) and within sixty days of such receipt under La.R.S. 22:1220(B)(5), we affirm the trial court's refusal to award penalties and attorney fees pursuant to these statutes. However, we reverse the judgment of the trial court to the extent that it refused to award penalties for Economy's failure to initiate loss adjustment for the plaintiffs' medical expenses under La.R.S. 22:658(A)(3) and for Economy's failure to pay timely the medical expenses of the plaintiffs under La.R.S. 22:658(A)(1) and 22:1220(B)(5).

I.

ISSUE
We shall consider whether the trial court erred in refusing to award penalties and attorney fees pursuant to La.R.S. 22:1220 and 22:658.

II.

FACTS
On October 25, 1996, Charlie McClendon was involved in an automobile accident *729 caused by Toria Jones, who struck Mr. McClendon's vehicle while attempting to make a left turn on Louisiana Highway 6. Mr. McClendon's passengers, Mar-sha McClendon, Willie Harris, and Eric Hayes, were also injured in the accident. The vehicle driven by Mr. McClendon was titled in his name and in the name of Joyce Coleman. It was covered by an insurance policy issued by Economy which provided medical pay and underinsured motorist (UM) coverage. Joyce Coleman was the named insured. Toria Jones was insured by Safeway Insurance Company (hereinafter "Safeway").
On March 12, 1997, Mr. McClendon and his guest passengers submitted a written demand to Economy, seeking the unconditional tender of $5,000.00 under the medical pay provision of the insurance policy. The letter was received by Economy on March 24, 1997. Although the letter provided the correct policy number, it did not list Joyce Coleman as the insured, nor did it explain how coverage would be extended to Mr. McClendon. Accompanying the letter was a police report which listed Mr. McClendon as the owner of the vehicle, itemized medical expense summaries, medical bills, and medical reports on each plaintiff.
On April 15, 1997, Mr. McClendon and his guest passengers settled with Safeway, exhausting the policy limits. Subsequently, on April 21, 1997, they brought suit against Economy, seeking UM benefits, penalties, and attorney fees. Economy was not informed that the limits of the Safeway policy were exhausted or the amount that each plaintiff received in settlement. On June 11, 1997, Economy received a letter from the plaintiffs stating that the limits of the Safeway policy were exhausted. Economy made an unconditional tender of benefits on July 11, 1997.

III.

LAW AND ARGUMENT

Failure to Timely Pay Underinsured Benefits Under La.R.S. 22:1220 and La.R.S. 22:658
Louisiana Revised Statutes 22:1220 provides in relevant part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.[1]
Louisiana Revised Statutes 22:658 provides in part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
The trial court refused to assess penalties against Economy, explaining that *730 Economy did not receive satisfactory proof of loss until June 11, 1997. On this date, Economy received a letter stating that the Safeway policy limits had been exhausted, and thus Toria Jones was underinsured. Subsequently, on July 11, 1997, Economy made a timely unconditional tender of benefits.
We find that the trial court did not err in refusing to assess penalties against Economy. "A trial court's conclusion concerning the assessment of statutory penalties is in part a factual determination which should not be disturbed absent a finding that it is manifestly erroneous." Sanders v. International Indem. Co., 97-1061, pp. 6-7 (La.App. 3 Cir. 2/4/98); 708 So.2d 772, 776, writ denied, 98-0597 (La.4/24/98); 717 So.2d 1173.
A plaintiff who seeks penalties under La.R.S. 22:1220 must prove that the insurer received "satisfactory proof of loss." In McDill v. Utica Mutual Insurance Co., 475 So.2d 1085, 1089 (La.1985), the Louisiana Supreme Court defined the phrase "satisfactory proof of loss" in connection with a claim for penalties under La.R.S. 22:658:
A "satisfactory proof of loss" within the meaning of La.R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured's claim. Hart v. Allstate Ins. Co., supra. To establish a "satisfactory proof of loss" of an uninsured/underinsured motorist's claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. Hart v. Allstate Ins. Co., supra.

See also Wells v. Houston, 95-202 (La. App. 3 Cir. 6/7/95); 657 So.2d 474, writ denied, 95-1733 (La.10/13/95); 661 So.2d 500 (applying the McDill court's definition of "satisfactory proof of loss" to a claim for penalties under La.R.S. 22:1220).
In this case, the plaintiffs assert that they first demanded UM benefits from Economy in the April 1997 petition. They allege that Economy knew that Safeway provided primary coverage as the accident report received by Economy in March of 1997 listed Safeway as Toria Jones' insurer. Moreover, the plaintiffs contend that Economy had a duty to investigate whether the Safeway policy limits were exhausted.
We reject the plaintiffs' argument as the burden was upon them, not Economy, to establish "satisfactory proof of loss." As the trial court noted, on March 24, 1997, Economy received a copy of the accident report, along with itemized medical expense summaries, medical bills, and medical reports. The accident report stated that Safeway was the insurer of Toria Jones. However, at this time, Economy was not fully apprised that Ms. Jones was underinsured; the plaintiffs failed to provide information to Economy regarding the limits of the Safeway policy or the amount each plaintiff received from Safeway in settlement. It was not until June 11, 1997 that Economy received information establishing that Ms. Jones was underinsured as the limits of the Safeway policy were exhausted. Subsequently, on July 11, 1997, Economy made a timely unconditional tender of benefits. Accordingly, we conclude that the trial court did not err in refusing to award penalties and attorney fees pursuant to La.R.S. 22:1220 or La.R.S. 22:658.

Failure to Initiate Loss Adjustment and Pay Medical Expenses Under La.R.S. 22:658 and 22:1220
The plaintiffs contend that the trial court erred in refusing to award penalties pursuant to La.R.S. 22:658. This statute provides in relevant part:
A. (3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after *731 notification of loss by the claimant.... Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
The plaintiffs argue that Economy failed to initiate loss adjustment of their claims within fourteen days after notification of the loss. They explain that the demand letter for reimbursement of medical expenses was received by Economy on March 24, 1997. They allege that although a file was opened on March 25, 1997, no further action was taken until April 30, 1997. When questioned as to Economy's response to the demand letter, Charlie Carroll, a litigation specialist for Economy, testified that "from the time we received [the] letter, we were in the process of investigating the case." Carroll asserted that questions of coverage arose from the demand letter as the police report accompanying the letter listed Mr. McClendon as the owner of the vehicle involved in the accident. However, because Joyce Coleman was the named insured on the policy, Economy questioned whether Coleman had an insurable interest in the vehicle and whether coverage could be extended to Mr. McClendon.
Upon our review of the record, we find that the trial court erred in refusing to award penalties. Louisiana Revised Statutes 22:658(A)(3) requires that the insurer initiate loss adjustment of a claim within fourteen days after notification of the loss. In this case, there is no evidence that Economy took any substantive action within fourteen days after notification of the loss. Moreover, the record does not support Carroll's testimony that his involvement in the case began immediately upon receipt of the claims. In fact, Carroll testified as follows:
Q. But getting back, the first investigation, the first assignment that is done after April 21, where you contact Mr. Snyder telling him to go get a statement of Joyce Coleman. I just need to know when you sent that assignment out?
A. Okay. I'll tell you that in a minute. 4-30-97. That was my first involvement in the case.

Q. So, your first involvement in the case was to give this assignment to Mr. Snyder?
A. Right.
(Emphasis added). Thus, Carroll's testimony establishes that his involvement in the case began more than fourteen days after Economy received notification of the loss. We note that Economy's action of simply opening a file does not satisfy the requirement of La.R.S. 22:658(A)(3) that the insurer initiate loss adjustment. We interpret this provision to require that the insurer take some substantive and affirmative step to accumulate the facts that are necessary to evaluate the claim. As Economy failed to initiate loss adjustment within fourteen days after notification of the loss, we conclude that the penalties provided in La.R.S. 22:1220 are applicable.
Louisiana Revised Statutes 22:1220(C) provides: "the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." In this case, as there is no proof in the record as to the damages sustained for breach of the duty imposed, we shall award a penalty of $5,000.00 per claimant. See Midland Risk Ins. Co. v. State Farm Mut. Auto. Ins. Co., 93-1611 (La.App. 3 Cir. 9/21/94); 643 So.2d 242; Hall v. State Farm Mut. Auto. Ins. Co., 94-867 (La. App. 3 Cir. 5/31/95); 658 So.2d 204. Although Economy does not contest this issue, we note that each claimant in this case is entitled to an award of penalties because La.R.S. 22:658(A)(3) specifically refers to a "claimant," regardless of whether the claimant is a named insured on the insurance contract.
Moreover, we find that Economy breached the duty imposed by La.R.S. 22:658(A)(1). As noted previously, this provision provides:

*732 A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
We also find that Economy breached the duty imposed by La.R.S. 22:1220(B)(5)[2], which provides:
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
Economy failed to satisfy timely the plaintiffs' demand for medical payments after receipt of satisfactory proof of loss. The record reflects that Economy received the plaintiffs' medical bills and medical reports arising from the accident and a demand for payment pursuant to the terms of the insurance policy on March 24, 1997. At this time, if Economy had questions regarding the payment of the medical bills, it was incumbent upon Economy to investigate the claim within the statutory period. See Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983) (finding that an insurer which had received the insured's medical bills and medical authorization form had a duty to investigate a claim for medical expenses within the statutory period set forth in La.R.S. 22:658). The medical bills were not paid nor was an investigation of the claim conducted by Economy within the time allowed by law. We find that Economy's failure to pay the plaintiffs' claims for medical expenses or initiate a reasonable investigation within the prescribed periods was arbitrary, capricious, or without probable cause.
Accordingly, we conclude that the penalty provision of La.R.S. 22:1220(C) is applicable. This provision supersedes the penalty provision of La.R.S. 22:658(B)(1) because it assesses the greater penalty. Wells, 657 So.2d 474. As mentioned previously, La.R.S. 22:1220(C) awards a claimant "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Because there is no proof of the amount of damages sustained, we find that each claimant is entitled to an award of $5,000.00.

IV.

CONCLUSION
Based on the foregoing reasons, the judgment of the trial court denying penalties for Economy's failure to initiate loss adjustment and for failing to pay the plaintiffs' medical expenses timely is reversed. The plaintiffs, Charlie McClendon, Marsha McClendon, Willie Harris, and Eric Hayes, are each awarded $5,000.00 for Economy's breach of La.R.S. 22:658(A)(3). Moreover, pursuant to La. R.S. 22:1220(C), the plaintiffs are each awarded $5,000.00 for Economy's failure to pay their medical expenses timely. In all other respects, we affirm. Economy is cast for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
PETERS, J., CONCURS IN THE RESULT AND ASSIGNS WRITTEN REASONS.
PETERS, J., concurring.
I concur in the result reached by the majority, but disagree with part of the *733 analysis used in reaching that result. While the majority concludes that the notice of March 24, 1997, was not a satisfactory proof of loss for uninsured/underinsured motorist penalties, it concluded that it was a satisfactory proof of loss for medical payment penalties. I agree with the first conclusion, but disagree with the second.
On the issue of timely paid medical benefits, the majority finds the defendant did not timely institute loss adjustment after receipt of the demand letter for medical payments on March 24, 1997. The majority finds the defendant should have initiated loss adjustment within fourteen days of March 24; that this failure was arbitrary, capricious, or without probable cause; and that, as a result, the plaintiffs are entitled to penalties pursuant to La. R.S. 22:1220(C).
I agree that penalties are appropriate. However, I do not find the March 24 demand to be a satisfactory proof of loss for medical payment penalties when it was also not a satisfactory proof of loss for uninsurance/underinsurance motorist penalties. As of that date, the defendant was only supplied with a demand letter for payment under a policy not bearing the name of the claimant, and not reflecting any connection between the plaintiffs and the named insured. At that point, I do not agree that the defendant had a duty to pursue an investigation of the claim as plaintiffs had not yet overcome their burden of providing satisfactory proof of entitlement to either benefit under the policy.
However, when the defendant received service of the suit, on or about April 21, 1997, the connection between the plaintiffs and the named insured should have become apparent. At that time, the defendant did have an obligation to initiate loss adjustment for the four claimants within fourteen days, and it did in fact do so. Up to that point, no penalty is justified. However, an unconditional tender of the medical payments was required to be made within thirty days of April 21 since the insurer then had satisfactory proof of the medical benefits owed. La.R.S. 22:658(A)(1). The tender was not made until July 11, 1997. Therefore, penalties are due because the failure to tender payment within this time frame, and not from March 24.
NOTES
[1] We assume for the purposes of our opinion that the plaintiffs are persons "insured by the contract" as required by La.R.S. 22:1220(B)(5). We note that the plaintiffs fit the definition of an "insured" under Part IV, § (B)(2) of Economy's policy as "any person occupying your covered auto."
[2] La.R.S. 22:1220(B)(5) applies to a claim for medical expenses to these insureds because the language of this provision comports with the definition of "persons insured" under the medical payments provision of the insurance policy.