735 So.2d 816 (1999)
Stephen J. CALOGERO, Plaintiff-Appellant,
v.
SAFEWAY INSURANCE COMPANY OF LOUISIANA and Jennifer Menard, Defendants-Appellees.
No. 99-26.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
*818 David John Calogero, Lafayette, for Stephen J. Calogero.
Keith Michael Borne, for Safeway Ins. Co. of Louisiana, et al.
BEFORE: YELVERTON, THIBODEAUX, and SULLIVAN, Judges.
THIBODEAUX, Judge.
On September 15, 1997, Stephen Calogero sustained damages to his vehicle as a result of an automobile accident. At the time of the accident, Calogero's vehicle was being driven by his stepson, David Campos. Calogero presented a property damage claim to his insurer, Safeway Insurance Company of Louisiana (hereinafter "Safeway"). Safeway denied the claim, explaining that pursuant to a named driver exclusion contained in the insurance policy, coverage did not apply when Campos was operating the insured vehicle. Subsequently, Calogero filed suit against Safeway seeking damages, penalties, and attorney fees. The trial court granted Calogero's motion for partial summary judgment and held that the named driver exclusion was inapplicable. It awarded property damages to Calogero in the amount of $7,675.00. Following a trial on the merits, the trial court found that Safeway was arbitrary and capricious in failing to pay Calogero's claim. Accordingly, it awarded penalties to Calogero in the amount of $5,000.00, as well as $490.00 for damages sustained as a result of the breach. The trial court rejected Calogero's assertion that Safeway misrepresented the provisions of the insurance policy in violation of La.R.S. 22:1220(B)(1). Calogero appeals the trial court's finding that Safeway did not misrepresent the policy provisions and the trial court's calculation of the penalty award for Safeway's breach of La.R.S. 22:1220(B)(5). In answer to the appeal, Safeway argues that the trial court was manifestly erroneous in finding it was arbitrary and capricious in denying Calogero's claim. For the reasons which follow, we reverse the trial court's finding that Safeway did not misrepresent the policy provisions and award an additional penalty to Calogero in the amount of $5,000.00 in accordance with La.R.S. 22:1220(C). In addition, for Safeway's failure to pay Calogero's claim, we award attorney fees in the amount of $7,000.00 pursuant to La.R.S. 22:658(B)(1). In all other respects, the judgment of the trial court is affirmed.

I.

ISSUES
We shall consider:
1. whether the trial court was manifestly erroneous in finding that Safeway did not misrepresent the provisions of the insurance policy and consequently did not violate La.R.S. 22:1220(B)(1);
2. whether the trial court was manifestly erroneous in finding that Safeway was arbitrary and capricious in failing to pay Calogero's claim;
3. whether the trial court calculated properly the amount of the penalty award to Calogero; and,

*819 4. whether Calogero is entitled to an award of attorney fees.

II.

FACTS
On September 15, 1997, David Campos was involved in an automobile accident in Shreveport, Louisiana. The accident occurred when Marlin Rogers attempted to make a left turn into a parking lot and drove into the path of the vehicle driven by Campos, who had the right of way. Campos was not at fault in causing the accident. The vehicle driven by Campos was owned by Calogero and was insured for property damages by Safeway.
Following the accident, Calogero submitted a claim for property damages for the full value of his vehicle, less any deductible. Safeway, through its adjustor, Jennifer Menard, denied coverage. Menard explained to Calogero that his insurance policy contained a named driver exclusion and that coverage would not be provided as the insured vehicle was driven by an excluded driver, Campos, at the time of the accident.

III.

LAW AND ARGUMENT

Safeway's Misrepresentation of the Policy Provisions
Calogero contends that the trial court was manifestly erroneous in finding that Safeway did not misrepresent the policy provisions in violation of La.R.S. 22:1220(B)(1). The trial court's decision concerning the award of penalties is partly a factual determination which will not be disturbed unless manifestly erroneous. Sanders v. International Indem. Co., 97-1061 (La.App. 3 Cir. 2/4/98); 708 So.2d 772, writ denied, 98-0597 (La.4/24/98); 717 So.2d 1173. In this case, we agree with Calogero that the trial court was manifestly erroneous in finding that Safeway did not misrepresent the policy provisions.
In the interpretation of insurance contracts, it is well-settled that "[i]f the words of an insurance policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the party's intent and the agreement must be enforced as written." Dubois v. Parish Gov't Risk Management Agency-Group Health, 95-546, p. 4 (La. App. 3 Cir. 1/24/96); 670 So.2d 258, 260. Moreover, "[e]xclusionary provisions in insurance contracts are construed against the insurer, and any ambiguity is construed in favor of the insured." Gunn v. Automotive Cas. Ins. Co., 614 So.2d 154, 157 (La.App. 3 Cir.1993). Penalties may be awarded where an insurer misrepresents "pertinent facts or insurance policy provisions relating to any coverages at issue." La.R.S. 22:1220(B)(1).
In this case, the exclusion relied upon by Safeway to deny coverage provided:
It is agreed that the insurance afforded by this policy shall not apply with respect to loss, damage, or injury to person(s) or property caused by the excluded driver(s) while operating the automobile(s) described in the policy or any other motor vehicle(s) to which the term and condition of the policy apply.
Jennifer Menard, the adjustor who handled Calogero's claim, testified that she informed Calogero that the insurance policy did not provide coverage because Campos was listed under the named driver exclusion. She explained to Calogero that the policy did not provide coverage because the accident occurred while Campos was operating the insured vehicle. Safeway argues that Menard did not misrepresent the policy provision to Calogero; it emphasizes that Menard knew that Safeway "never had any intention of accepting the risk of David Campos operating an insured vehicle."
It is evident from the record that Safeway's actions violated La. R. S. 22:1220(B)(1). The named driver exclusion clearly and unambiguously excludes coverage *820 only for loss, damage, or injury caused by Campos. Under the circumstances of this case, Safeway cannot rely upon its assertion that it never intended to accept the risk of Campos operating Calogero's vehicle. The language of the exclusion is explicit and must be enforced as written. Safeway did not assert that the damage to Calogero's vehicle was caused by Campos. It misrepresented the exclusion when it conveyed to Calogero that the policy did not provide coverage solely because Campos was operating the insured vehicle at the time of the accident. Accordingly, we find that the penalties set forth in La.R.S. 22:1220(C) are applicable.
Louisiana Revised Statutes 22:1220(C) provides: "the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Calogero contends that the phrase "two times the damages sustained" refers to the amount of compensatory damages sustained. We reject Calogero's argument. The phrase "two times the damages sustained" refers to damages sustained as a result of the breach. Hall v. State Farm Mut. Auto. Ins. Co., 94-867 (La.App. 3 Cir. 5/31/95); 658 So.2d 204; Midland Risk Ins. Co. v. State Farm Mut. Auto Ins. Co., 93-1611 (La.App. 3 Cir. 9/21/94); 643 So.2d 242. In this case, the trial court found that as a result of the breach, Calogero incurred additional interest payments on his car loan in the amount of $490.00. Therefore, pursuant to La.R.S. 22:1220(C), we award penalties to Calogero in the amount of $5,000.00.

Safeway's failure to pay Calogero's claim
Safeway contends that the trial court was manifestly erroneous in finding it acted arbitrarily and capriciously in failing to pay Calogero's claim. It argues that an award of penalties to Calogero is improper as it had a reasonable defense to Calogero's claim. Safeway emphasizes that in denying coverage, it relied upon a named driver exclusion which had been applied in "at least 500 or 600 prior claims" without opposition. Moreover, Safeway argues that multiple penalties should not be awarded for breach of La.R.S. 22:1220(B)(1) and 22:1220(B)(5) as the violations arise from the same act.
Calogero contends that Safeway is not entitled to appeal any portion of the trial court's judgment as it acquiesced in the judgment by paying the full amount of the judgment. We note that although Safeway acknowledges that it has paid Calogero $7,675.00 in property damages, there is no evidence in the record that Safeway has paid the penalty award assessed by the trial court. Regardless, appeals are favored in law and the payment of a judgment does not necessarily constitute voluntary and unconditional acquiescence which forfeits a party's right to appeal. Hodapp v. American Indem. Co., 618 So.2d 32 (La.App. 3 Cir.1993). Thus, we reject Calogero's argument that Safeway is not entitled to appeal any portion of the trial court's judgment.
We find that the trial court was not manifestly erroneous in concluding that Safeway was arbitrary and capricious in failing to pay Calogero's claim. Louisiana Revised Statutes 22:1220 provides in relevant part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

*821 B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
In addition, La.R.S. 22:658 provides:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
A plaintiff who seeks penalties under La. R.S. 22:658(A)(1) or 22:1220(B)(5) must prove that the insurer received "satisfactory proof of loss." "Satisfactory proof of loss" is "that which is sufficient to fully apprise the insurer of the insured's claim." Wells v. Houston, 95-202, p. 3 (La.App. 3 Cir. 6/7/95); 657 So.2d 474, 476, writ denied, 95-1733 (La.10/13/95); 661 So.2d 500 (quoting McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1089 (La.1985)). Moreover, an insurer acts arbitrarily, capriciously, or without probable cause where its "willful refusal of a claim is not based on a good faith defense." Louisiana Maintenance Servs., Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250, 1253 (La.1993).
In this case, Menard testified that she received a loss-notice form, along with a police report, from Calogero on September 17, 1997. She stated that she was fairly apprised of Calogero's claim on September 25, 1997 and denied coverage pursuant to the named driver exclusion on October 8, 1997. For the reasons stated previously, we find that Safeway did not have a good faith defense to Calogero's claim. Considering the clear language of the exclusion, Safeway's contention that the policy did not provide coverage for the damages in question was not reasonable. Therefore, we conclude that the trial court was not manifestly erroneous in awarding penalties to Calogero.
As mentioned previously, La. R.S. 22:1220(C) provides that penalties may be "assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." This penalty provision supersedes the penalty provision of La.R.S. 22:658(B)(1) because it assesses the greater penalty. Wells, 657 So.2d 474. The trial court did not err in awarding penalties to Calogero in the amount of $5,000.00. We reject Safeway's argument that a single penalty award should be assessed for its breach of La.R.S. 22:1220(B)(1) and 22:1220(B)(5). Louisiana Revised Statutes 22:1220(C) awards penalties against an insurer for each breach of the duties imposed by La.R.S. 22:1220. As Safeway breached two separate duties, a penalty award for each breach is proper.
We also find that Calogero is entitled to an award of reasonable attorney fees for Safeway's failure to pay his claim. La.R.S. 22:658(B)(1). The following factors are to be considered in determining the reasonableness of an award of attorney fees:
(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the *822 number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.
Rivet v. State, DOTD, 96-0145, p. 11-12 (La.9/5/96); 680 So.2d 1154, 1161. In this case, Calogero's counsel filed the petition for damages, a motion for partial summary judgment, a pretrial memorandum, a request for admissions, participated in three depositions and a trial with numerous exhibits, submitted an appellate brief and a reply brief, and participated in oral argument before this court. Furthermore, he successfully argued that multiple penalties are awardable under La.R.S. 22:1220 for multiple violations of that statute, an issue which had not yet been confronted by any circuit in Louisiana. We conclude that an award of $7,000.00 in attorney fees is proper.

IV.

CONCLUSION
Based on the foregoing reasons, the judgment of the trial court denying penalties to Calogero for Safeway's misrepresentation of the policy provisions is reversed. Pursuant to La.R.S. 22:1220(C), we award penalties in the amount of $5,000.00. Moreover, for Safeway's failure to pay Calogero's claim, we award attorney fees in the amount of $7,000.00. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.