| WOODARD, Judge.
The trial court granted New Hampshire Insurance Company’s (New Hampshire) motion for summary judgment that it had not acted arbitrarily and capriciously in failing to pay Mr. James Coco’s claim for uninsured/underinsured insurance coverage. Mr. Coco contends that New Hampshire delayed a year after receiving satisfactory proof of his loss and that it should pay him penalties and attorney’s fees, pursuant to La.R.S. 22:658 and La.R.S. 22:1220. We reverse and remand for trial. #
On May 19, 1995, while crossing Louisiana Highway 8 in Vernon Parish, Louisiana, Mr. John H. Mitcham ran a stop sign, then, before clearing the intersection, stopped in the middle of it, leaving Mr. Coco, who was traveling perpendicular to the Mr. Mitcham’s crossing, no choice, but to hit him. Mr. Coco was seriously injured, and Mr. Mitcham later died.
At the time of the accident, State Farm Mutual Automobile Insurance Company (State Farm) insured Mr. Mitcham with a $100,000.00 policy. Mr. Coco carried uninsured/underinsured motorist coverage, which New Hampshire Insurance Company had issued with policy limits of $50,000.00.
On May 28, 1996, Mr. Coco filed suit against Mr. Mitcham, State Farm, and New Hampshire. State Farm took Mr. Coco’s deposition on March 18,1997. New Hampshire’s counsel was present. Later, on May 20, 1997, State Farm deposed Mr. Coco’s physician, Dr. Michael Heard. Again, New Hampshire attended the deposition. State Farm tendered its policy limits, in August of 1997, to settle Mr. Coco’s claims against it.
On November 5, 1997, Mr. Coco received New Hampshire’s interrogatories and requests for production of documents. He responded on May 6, 1998. On May 11, he amended his suit to seek penalties, pursuant to La.R.S. 22:658 and La.R.S. 22:1220, against New Hampshire, alleging that it had engaged in arbitrary and capricious conduct in handling his claim by failing to make a reasonable settlement offer after receipt of satisfactory proof of loss. On May 29, 1998, New Hampshire tendered its policy limits to Mr. Coco.
| ¡¿Thereafter, on February 26, 1999, New Hampshire filed a motion for summary judgment, seeking dismissal of Mr. Coco’s claims for penalties and attorney’s fees. New Hampshire contended that, as it had tendered its full policy limits within thirty days of its receipt of Mr. Coco’s outstanding discovery responses, which provided information concerning the nature and extent of his injuries, it should not be responsible for penalties and attorney’s fees under the statutes. In opposition, Mr. Coco argued that, as New Hampshire had attended his deposition and Dr. Heard’s deposition, it had all the information necessary to evaluate his claim at that time and that it acted arbitrarily and capriciously in waiting a year to tender its policy limits. On August 24, 1999, the parties submitted the matter on briefs and, on February 3, 2000, the trial court granted New Hampshire’s motion. The trial court signed the judgment on February 25, 2000. Mr. Coco appeals, maintaining that the trial court erred.
We note that appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate.[1] *1133 Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, that party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
IsWhen a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
La.R.S. 22:658 states, in part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 28 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
[[Image here]]
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the |4loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the differ *1134 ence between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
(Emphasis added.)
La.R.S. 22:1220 states, in part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
[[Image here]]
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
D.The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.
(Emphasis added.)
Both of these statutes require a finding that the insurer was arbitrary and capricious before penalties and attorney’s fees can be imposed.[10] Whether a. refusal |,.¡to pay a claim is arbitrary, capricious, or without probable cause depends upon facts known to the insurer at the time of its refusal to pay the claim.[11] New Hampshire’s motion for summary judgment directly presented the trial court with the question of whether New Hampshire’s knowledge of facts, concerning Mr. Coco’s injuries, prognosis, and treatment following his and his doctor’s depositions, was sufficient to warrant the application of the penalty provisions of La.R.S. 22:658 and La.R.S. 22:1220 against it. In deciding the motion for New Hampshire, the trial court had to make an improper subjective determination of facts in order to dismiss Mr. Coco’s claims for penalties and attorney’s fees.
Summary judgment is rarely ever appropriate when there are questions relating to subjective facts such as intent, knowledge, motive, malice, or good faith.[12] Such determinations are only possible by the trier of fact who has the opportunity to hear all the evidence and to observe the witnesses on direct and cross-examination.
It is New Hampshire’s knowledge of facts, concerning Mr. Coco’s injuries and prognosis, which is precisely in dispute in the case sub judice. Accordingly, we reverse the trial court’s grant of summary judgment in favor of New Hampshire.
*1135 CONCLUSION
The trial court made an improper determination of subjective facts in granting New Hampshire’s motion for summary judgment. Accordingly, we reverse its judgment and remand the case to the trial court for trial. We cast New Hampshire with the costs of this appeal.
REVERSED AND REMANDED.
AMY, J., dissents.

. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D *1133 & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97 2737 (La. 1/16/98); 706 So.2d 979.

. La. Code Civ.P. art. 966(B).

. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.

. Id.

. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.

. Id.

. Id.

. Soileau, 702 So.2d 818.

. Id.

. Myers v. Broussard, 96-1634 (La.App. 3 Cir. 5/21/97); 697 So.2d 88.

. Id. (citing Wells v. Houston, 95-202 (La.App. 3 Cir. 6/7/95); 657 So.2d 474, writ denied, 95-1733 (La. 10/13/95); 661 So.2d 500).

. Nelson v. Torian, 96-176 (La.App. 3 Cir. 6/26/96); 676 So.2d 773, writ denied, 96-1938 (La. 11/15/96); 682 So.2d 761; Greer v. Dresser Indus., Inc., 98-129 (La.App. 3 Cir. 7/1/98); 715 So.2d 1235, writ denied, 98-2094 (La. 11/6/98); 728 So.2d 867.