STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-367

JAMES LASTRAPES, ET UX

VERSUS

PROGRESSIVE SECURITY INSURANCE
COMPANY

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 06-C-5676-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

**Ian A. MacDonald, Attorney at Law**
**Jones Walker**
**P.O. Drawer 3408**
**Lafayette, LA 70502-3408**
**Counsel for Defendant-Appellant:**
      **Progressive Security Insurance Company**

**Patrick C. Morrow, Attorney at Law**
**Morrow, Morrow, Ryan & Bassett**
**P.O. Box 1787**
**Opelousas, LA 70571**
**Counsel for Plaintiffs-Appellees:**
      **James Lastrapes and Geraldine Lastrapes**

**PAINTER, Judge.**

Plaintiffs and Defendants appeal the jury's award of damages as well as the trial court's rulings on certain post-trial motions. For the following reasons, we affirm in part, reverse in part, and render.

## FACTUAL AND PROCEDURAL BACKGROUND

James Lastrapes was involved in an automobile accident on November 13, 2004. His 1999 Chevy van was struck once in the rear door by a vehicle driven by Leslie Vizinat while she was attempting to make a left hand turn. The van sustained $1,599.81 in property damages. Mr. Lastrapes alleges that he injured his neck, shoulders, and back. He and his wife filed suit against Ms. Vizinat and his own uninsured motorist carrier, Progressive Security Insurance Company. Plaintiffs' claims against Ms. Vizinat were settled prior to trial.

Mr. Lastrapes did not seek treatment in connection with injuries he allegedly received in the accident in question until two days later on November 15, 2004, when he saw his family physician, Dr. Kirk Elliot, and complained of neck pain. Dr. Elliot diagnosed cervical "acute myofascial strain" and recommended physical therapy three times per week. Mr. Lastrapes did attend physical therapy three times per week from December 13, 2004, until late January. He underwent an MRI of the cervical spine on February 18, 2005. This test revealed mild multi-level spondylosis. He was then referred to Dr. Steve Rees, a pain management specialist. On January 14, 2006, Mr. Lastrapes was involved in another automobile accident, wherein he rear-ended another vehicle. Mr. Lastrapes was then referred to an anesthesiologist/pain management specialist who provided several cervical epidural steroid injections to Mr. Lastrapes over the period from December 7, 2006 through October 23, 2007. He

1

also began treatment with Dr. George Williams, an orthopedic surgeon, on July 10, 2007. Progressive contends that Mr. Lastrapes did not inform Dr. Williams of the occurrence of the January 14, 2006 accident. Dr. Williams ultimately recommended a three level cervical decompression and fusion and discography of the lower lumbar spine. Mr. Lastrapes contends that he was retired but very active prior to the subject accident and that, even though he had some health problems and occasional mild back pain before this accident, he never had neck pain.

Jill Doiron initially handled Mr. Lastrapes' claim against Progressive. During the two years that she handled the claim, Progressive made payments to Mr. Lastrapes totaling $67,890.00. The claim was transferred to Cheryl Tardo for handling after Mr. Lastrapes filed suit. Ms. Tardo admitted that she received the recommendation for surgery by Dr. Williams but did not take his deposition or otherwise follow up with Dr. Williams to determine whether or not he related the surgery to the subject accident. Instead, Ms. Tardo came to the conclusion that reasonable minds could differ on the relationship of Mr. Lastrapes' neck condition and recommended surgery to the subject accident. She based this conclusion on the fact that Dr. Williams' records and report made no mention of the January 14, 2006 accident, that Mr. Lastrapes' physical examination was normal, that Mr. Lastrapes had no complaints of neck or back pain, and that Dr. Williams' report did not specifically relate the need for surgery to the subject accident.

This matter proceeded to trial by jury. The jury returned a verdict denying Mr. Lastrapes' claim for future medical expenses, future pain and suffering, past mental anguish, future mental anguish, loss of enjoyment of life, loss of consortium, and penalties and attorney's fees. The jury did award $88,000.00 in past medical

2

expenses and $125,000.00 in past pain and suffering to Mr. Lastrapes. Mr. Lastrapes then moved for a judgment notwithstanding the verdict (JNOV) and, alternatively, for additur and/or new trial. The trial court denied Mr. Lastrapes' motion for additur but granted a JNOV on the claim for penalties and attorney's fees. The trial court found that Progressive was arbitrary and capricious in its handling of the claim and awarded $72,575.00 in penalties and $24,192.00 in attorney's fees. Progressive appealed, asserting that the trial court abused its discretion in granting the JNOV because the jury correctly concluded that reasonable minds could differ on whether Lastrapes was entitled to an additional unconditional tender under the UM provisions of Progressive's policy, that the trial court's conclusion that Progressive was arbitrary and capricious was manifestly erroneous, and that the award of $7,500.00 in expert fees to Dr. Williams was an abuse of the trial court's discretion. Mr. Lastrapes answered the appeal and again asked for increases in the amount of damages he was awarded and to be awarded damages for those amounts that the jury denied. We affirm the trial court's award of penalties and attorney's fees and the jury's awards of $88,000.00 in past medical expenses and $125,000.00 in past pain and suffering. We reverse the trial court's denial of Mr. Lastrapes' motion for JNOV with respect to the award of future medical expenses, future pain and suffering, loss of enjoyment of life, and loss of consortium.

## DISCUSSION

We first address those assignments of error with respect to motions for JNOV, new trial, and/or additur. Plaintiffs argue that they are entitled to awards for future medical care and loss of consortium as well an increase in general damages.

3

Progressive, on the other hand, argues that the trial court erred in granting the JNOV and finding that it was arbitrary and capricious.

"The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion." *Martin v. Heritage Manor South Nursing Home*, 00-1023, p. 6 (La. 4/3/01), 784 So.2d 627, 632.

This court has recently noted that:

> The mechanism by which a judgment notwithstanding the verdict may be granted is provided by La.Code Civ.P. art. 1811. In describing the circumstances under which a JNOV is appropriate, the Louisiana Supreme Court has explained that the procedure is to be used only when the facts and circumstances favor one party so overwhelmingly that reasonable men could not arrive at a contrary verdict. *Anderson v. New Orleans Public Service*, 583 So.2d 829 [(La.1991).] It is inappropriately used in cases in which the evidence merely preponderates in favor of the moving party. *Id*. Also, we are mindful that the motion must not be granted if there is evidence in opposition that is of such quality and weight that it would permit "reasonable and fairminded men in the exercise of impartial [judgment]" to reach different conclusions. *Id*. at 832. Finally, the court cautioned that, in weighing whether a JNOV is appropriate, the court should not weigh witness credibility and should resolve all reasonable inferences/factual questions in favor of the non-moving party. *Id*. See also *Davis v. Wal-Mart Stores, Inc.*, 00-0445 (La.11/28/00); 774 So.2d 84.
>
> On review, an appellate court employs a two-part inquiry when considering whether a JNOV is appropriate. *Davis*, 00-445; 777 So.2d 84. First, applying the same criteria as the trial court, the appellate court must determine if the trial court erred in granting the motion. *Id*. Next, if the appellate court determines that the standard was correctly applied to the jury verdict at the trial level, the appellate court must then review the JNOV granted using the manifest error standard of review. *Id*.

*Smoot v. Hernandez*, 08-1121, pp. 3-4 (La.App. 3 Cir. 3/4/09), 6 So.3d 352, 356-7, (footnote omitted), citing *Bowie v. Young*, 01-715, p. 12 (La.App. 3 Cir. 3/20/02), 813 So.2d 562, 570-71, *writ denied*, 02-1079 (La. 6/21/02), 819 So.2d 335.

Additionally, this court has already noted that "[t]he insurer is required to take substantive and affirmative steps to accumulate the facts necessary to evaluate a

4

claim." *Guillory v. Lee*, 08-661, p.18 (La.App. 3 Cir. 12/10/08), 998 So.2d 891, 902, citing *McClendon v. Econ. Fire & Cas. Ins. Co.*, 98-1537 (La.App. 3 Cir. 4/7/99), 732 So.2d 727.

Progressive contends that the trial court committed legal error in granting the JNOV in favor of Mr. Lastrapes and awarding him $72,575.00 in penalties and $24,192.00 in attorney's fees because reasonable minds could differ on whether Mr. Lastrapes was entitled to an additional unconditional tender under the UM provisions of Progressive's policy. This argument is intertwined with Progressive's argument that the trial court committed manifest error in finding that Progressive was arbitrary and capricious in its handling of Mr. Lastrapes' claim in that it failed to depose Dr. Williams within thirty days of receiving his July 10, 2007 report. We agree with the trial court that Progressive was arbitrary and capricious in not taking the deposition in a timely manner and, therefore, affirm the trial court's grant of a JNOV in favor Mr. Lastrapes as well as its award of penalties and attorney's fees. Some sort of follow up with Dr. Williams, be it by deposition or otherwise, was necessary following receipt of his recommendation for surgery. Failing to do so was obviously contrary to the requirement that Progressive "take substantive and affirmative steps to accumulate the facts necessary to evaluate a claim." *Id*. Had Progressive followed up on Dr. Williams' recommendation and informed him of the subsequent accident involving Mr. Lastrapes, they might well have found that the recommendation was unrelated to the subject accident. However, Progressive may not act upon "random choice" or "personal whim" as it did in this case. *Reed v. State Farm Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003).

5

Mr. Lastrapes had the burden of proving his claims by a preponderance of the evidence. He had to prove that the subject automobile accident caused injuries and what amount of damages would adequately compensate him for those damages. *Coutee v. Beurlot*, 06-2943 (La. 9/5/07), 964 So.2d 304. With regard to surgery, he had to prove with medical testimony that the subject automobile accident more probably than not caused a condition which requires surgery and the cost of the surgery; he also had to prove that more probably than not he will have the surgery in the future. *Basco v. Liberty Mut. Ins. Co.*, 05-143 (La.App. 3 Cir. 8/17/05), 909 So.2d 660.

In *Basco*, 909 So.2d at 666, we noted that:

It is well settled that, in reviewing an award of general damages, the role of an appellate court is to review the exercise of discretion by the trier of fact. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976). Importantly, on review, an appellate court should rarely disturb an award of general damages because "the discretion vested in the trier of fact is 'great,' and even vast." *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the trier of fact has abused its much discretion that the appellate court may disturb the award, but then only to the extent of lowering it to the highest point or raising it to the lowest point which was reasonably within the discretion of the trier of fact. *Id*. However, this principle of appellate review applies only when a litigant "questions the adequacy of a monetary award in a case which is otherwise uncomplicated by factual errors relating to the cause or duration of the plaintiff's disability." *Mart v. Hill*, 505 So.2d 1120, 1128 (La.1987). More specifically, the principles stated in *Coco* and reiterated in *Youn* "are not applicable when a res nova review of quantum must be made to compensate a plaintiff for damages which the trial court did not believe were causally related to the accident." *Id*. In the instant case, Mr. Basco is not questioning the adequacy of a monetary award for future loss of enjoyment of life; instead, he is questioning the jury's failure to make any award for that item of damages. Thus, should we find error, we are not bound by the highest/lowest constraints in recognition of the jury's discretion.

We also recognize that, as pointed out in *Wainwright v. Fontenot*, 00-492 (La.10/17/00), 774 So.2d 70, an award in one category of damages does not automatically require an award in others. In that case,

a jury awarded the plaintiffs medical expenses they incurred but failed to award general damages. The supreme court refused to hold that, as a matter of law, such a verdict must always be erroneous. Rather, the supreme court stated that "it would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must always be erroneous." *Id*. at 76. Instead, the reviewing court "must ask whether the jury's determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion." *Id*. If the reviewing court reaches that conclusion, it must then "conduct a *de novo* review of the record." *Id*.

It was the duty of the jury to determine the credibility of the witnesses, including Dr. Williams, and to accept or reject their opinions in whole or in part. *Sportsman Store of Lake Charles, Inc. v. Sonitrol Sec. Sys. of Calcasieu, Inc.*, 99-201 (La.10/19/99), 748 So.2d 417. Considering the record as a whole, we are of the opinion that the jury concluded that Mr. Lastrapes did suffer major injuries as a result of the November 13, 2005 automobile accident but did not accept his claims that his neck problems were caused by the accident and that he would undergo the cervical decompression and fusion in the future. However, our review of the record leads us to the conclusion that this finding by the jury is not supported by the record and is an abuse of the jury's vast discretion. With regard to general damages in the amount of $125,000.00, we cannot say that this award is an abuse of the jury's vast discretion. We therefore amend the jury's award of damages as follows and reverse the trial court's refusal to award additional sums for loss of consortium and future damages.

With respect to future medical expenses, we find that an award of $100,000.00 is reasonable under the circumstances. Dr. Williams testified that the estimated cost of surgery would be between $94,300.00 and $114,300.00. It is clear that Mr. Lastrapes will continue to incur medical expenses, including prescription medications

7

and follow-up care, whether or not he decides to undergo the recommended surgery. We also find that an award of $50,000.00 for future pain and suffering is reasonable.

The law is clear that "damages for loss of enjoyment of life are recoverable upon proof that the party's lifestyle has been detrimentally altered or that the injured party has been forced to give up activities because of his injury." *Basco*, 909 at 667, citing *Simms v. Progressive Ins. Co.*, 38,804 (La.App. 2 Cir. 9/29/04), 883 So.2d 473, writ denied, 04-2871 (La.1/8/05), 893 So.2d 78. We find that the jury abused its discretion in failing to award any amount for loss of enjoyment of life. Mr. Lastrapes testified that he has suffered a loss of his ability to travel, to maintain his yard, and to do many of the other activities he enjoyed most. His pain is chronic and has severely limited his activities. Accordingly, we reverse the rejection of this element of damages and award $20,000.00 for Mr. Lastrapes' loss of enjoyment of life.

We further find that Mrs. Lastrapes proved that a loss of consortium related to her husband's injuries. Mrs. Lastrapes testified extensively on the adverse effects this accident has had on her relationship with her husband. She testified that they were no longer intimate and that most of their activities had been curtailed by his chronic pain. Therefore, we award $10,000.00 for Mrs. Lastrapes' loss of consortium.

### DECREE

For all of the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. We hereby render judgment in favor of Mr. Lastrapes in the amount of $100,000.00 in future medical expenses, $50,000.00 in future pain and suffering, and $20,000.00 for loss of enjoyment of life. Furthermore, we hereby render judgment in favor of Mrs. Lastrapes in the amount of $10,000.00 for her loss of consortium. Additionally, we decline to award any further attorney's fees to Mr.

Lastrapes regarding work done on this appeal. All costs of this appeal are assessed to Defendant-Appellant, Progressive Security Insurance Company.

**AFFIRMED.**